**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

James R. Skrzypek,                                    File No.: 11CV933 ADM/SER

      Petitioner,

v.                                                    **REPORT AND RECOMMENDATION**

Warden Wendy J. Roal,

      Respondent.

---

    James R. Skrzypek, *pro se*, 105 South Ashland, Chicago, Illinois 60607.

    D. Gerald Wilhelm and Gregory G. Brooker, Esqs., United States Attorney's Office, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, for Respondent.

---

STEVEN E. RAU, United States Magistrate Judge

    This matter is before the undersigned on James R. Skrzypek's Petition for a Writ of Habeas Corpus [Doc. No. 1]. The case has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Skrzypek's Petition be denied.

    **I.    FACTUAL BACKGROUND**

    Petitioner James R. Skrzypek ("Skrzypek") Skrzypek was incarcerated at the Federal Prison Camp in Duluth, Minnesota ("FPC Duluth") pursuant to a 90-month sentence, five years supervised release, and restitution imposed by the United States District Court for the Northern District of Illinois. *See* Declaration of Julie Groteboer, at ¶ 3 ("Groteboer Decl.") [Doc. No. 6]; (Groteboer Attach. A at 14) [Doc. No. 6-1]. In May 2005, Skrzypek was convicted of 12 offenses ranging from racketeering to influencing a juror to fraud. (*Id.*) Skrzypek's projected good conduct time release date is November 14, 2011. (*Id.*).

1

Skrzypek was reviewed for halfway house placement on April 9, 2010, pursuant to the Second Chance Act of 2007, 18 U.S.C. § 3624 (c) ("SCA"). (*Id*. at 4). Staff made an initial recommendation to the Community Corrections Manager's ("CCM") Office that Skrzypek be given 180 days (6 months) of Residential Reentry Center ("RRC") placement. (*Id*.) This recommendation was contingent upon Warden and CCM approval. Declaration of David Baker, at ¶ 3 ("Baker Decl.") [Doc. No. 7].

On February 4, 2011, Skrzypek learned that his RRC placement recommendation was decreased from 180 days to 120-150 days and emailed Associate Warden Ward ("AW Ward") expressing his concerns. (Pet. Ex. A at 2-3) [Doc. No. 1-1]. Skrzypek requested 180 days or more of RRC placement so that he could be released close to his wife's prison release date of April 5, 2011. (*Id*.) In response to the email, Unit Manager Baker ("UM Baker") met with Skrzypek to resolve the issue and explain that though Skrzypek was recommended for 150-180 days of RRC placement, the final decision was at the Warden's discretion. (Baker Decl. at ¶ 4). After this meeting, UM Baker sent an email dated February 11, 2011 stating in its entirety, "This issue was informally resolved." (Groteboer Decl. ¶ 5, at Attach. D) [Doc. 6-1].

On February 15, 2011, staff received the packet back from the Warden requesting additional review of Skrzypek's 150-180-day placement because Skrzypek did not require a 180-day RRC placement given that he had adequate family support, financial resources, life skills, community resources. (Baker Decl. at ¶ 4-5). One month later, Skrzypek discussed a June 21, 2011 release date based on a 120-150 day RRC recommendation with his case worker and signed his RRC paperwork acknowledging his 147-day RRC placement. (*Id*. at ¶ 6).

Skrzypek filed an administrative remedy request one month later seeking restoration of the previous May 18, 2011 RRC placement date. (Groteboer Decl. at 7, Attach. F). Warden Roal denied Skrzypek's request, explaining that although Staff initially recommended a 150-180 day

2

placement, the Bureau of Prisons ("BOP") subsequently received further guidance and clarification that led the Warden to determine that a 120-150 day RRC was sufficient.

Skrzypek executed writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 4, 2011, seeking an Order from the Court directing the BOP to increase his 147-day RRC placement to 180 days, and enforce the alleged informal dispute resolution agreement. (Pet. at 5).[1] Skrzypek's administrative appeal, which was issued a week before its April 30, 2011 due date, was denied eight days later on April 22, 2011. (Groteboer Decl. ¶ 8, Attach. F, G). Skrzypek, therefore, filed his Petition before he received an answer from the regional office and failed to appeal to the Central Office of the Bureau of Prisons ("Central Office").[2] (*Id*.).

Based on the FPC Duluth Staff's recommendation, Skrzypek was transferred to the Salvation Army Men's Center located at 105 South Ashland Avenue, Chicago, Illinois, 60607.[3] At this time, the Court is not aware of any additional information regarding Skrzypek's status. The Court, therefore, presumes that Skrzypek is residing at the halfway house to which he was assigned and that he will be on supervised release as of November 14, 2011. (Baker Decl. Attach. 1, at 2) [Doc. No. 7-1]. *Id*.

---

[1] Skrzypek's Petition did not state explicitly the relief he sought (Pet. at 3). Rather, he referenced his Memorandum in Support of Emergency Petition for Writ of Habeas Corpus where he argues that UM Baker agreed that Skrzypek would receive a 180-day RRC placement and memorialized this in the Informal Dispute Resolution form. (Pet.'s Mem. at 2-3). On May 13, 2011, Skrzypek filed an Emergency Motion for Order Directing Respondent to File Informal Resolution Form [Doc. No. 10]. Despite Skrzypek's contentions, no facts support the proposition that Roal is withholding germane documents. Moreover, now that Skrzypek has been released to an RRC, his Petition and Emergency Motion are both moot.

[2] Skrzypek argues in his Memorandum that seeking review of the Central Office would have been fruitless because this dispute was informally resolved favorably and that the Warden breached the purported agreement. (Pet.'s Mem. at 4).

[3] *See* Inmate Locator, *Federal Bureau of Prisons*, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=Long&Middle=&LastName=Ly&Race=U&Sex=M&Age=&x=69&y=10 (last visited September 29, 2011); "Notice of Change of Address," [Doc. No. 14] (stating that as of June 21, 2011, Skrzypek's address is 105 South Ashland, Chicago, Illinois 60607).

## II.     ANALYSIS

Roal opposes the Petition because Skrzypek has not exhausted his administrative remedies. (Resp.'s Mem. at 13-14). Roal further argues that even if Skrzypek's Petition were considered on the merits despite this deficiency, he received an individualized assessment for RRC placement as the SCA requires and the length of his stay in an RRC is within the BOP's discretion. *Id*. at 14-17. Roal also asserts that Skrzypek has no right to be incarcerated at any particular institution and that the BOP's RRC placement recommendation was not unlawful. *Id*. at 17-19. Finally, Roal maintains that an evidentiary hearing is unnecessary given that no facts are in dispute. *Id*. at 19.

First, an analysis of whether Skrzypek's Petition is justiciable is appropriate. Article III of the United States Constitution limits the jurisdiction of federal courts to deciding "cases" and "controversies." U.S. Const. art. III; *Allen v. Wright*, 468 U.S. 737, 750 (1984). "A case that no longer presents a live case or controversy is moot, and a federal court lacks jurisdiction to hear the action." *Keating v. Nebraska Pub. Power Dist.*, 562 F.3d 923, 927 (8th Cir. 2009) (citation and marks omitted). "This means that, throughout the litigation, the [petitioner] must have suffered, or be threatened with an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotations omitted). Thus, if intervening circumstances occur that render a court unable to grant the requested relief, then the case becomes moot, and the court loses jurisdiction to hear the case. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996).

Skrzypek was transferred to a RRC 108 days ago on June 21, 2011. As such, Skrzypek's SCA claim is moot. There is no effective relief that the Court can provide because Skrzypek has already received his RRC placement. *See Miller v. Whitehead,* 527 F.3d 752, 756 (8th Cir. 2008) (finding that claims by inmates who had been transferred to an RRC subsequent to filing appeal were moot because the relief they sought had been granted); *Mickelson v. Holinka,* 276 Fed. Appx.

4

527, 527 (8th Cir. 2008) (dismissing appeal as moot after prisoner was released to halfway house). Therefore, this Court lacks jurisdiction to hear the action and the Petition should be denied. *Spencer*, 523 U.S. at 7; *Calderon*, 518 U.S. at 150; *Keating*, 562 F.3d at 927.

Second, Skrzypek admittedly failed to exhaust his administrative remedies prior to filing his petition. Exhaustion of administrative remedies is a requisite of filing a § 2241 petition. *See United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004); *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000); *see also United States v. Wilson*, 503 U.S. 329, 334–35 (1992) (prisoner can seek judicial review of sentence computation after exhausting administrative remedies). Habeas petitioners can be excused from the exhaustion requirement if they can show that proceeding through the administrative remedy process would be futile. *See Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004); *United States v. Galceran*, No. 07–4659, 2008 WL 4104696, *2 (D. Minn. Aug. 29, 2008) (citing *Frango v. Gonzales*, 437 F.3d 726, 728-29 (8th Cir. 2006)); *Robinson v. Holinka*, No. 06–621, 2007 WL 1054283, *4 (D. Minn. Apr. 29, 2007). Courts have discretionarily excused a failure to exhaust when requiring exhaustion would cause prejudice due to unreasonable delay or an indefinite timeframe for administrative action. *See Knight v. Jett*, No. 09–2293, 2010 WL 4052182, * 4 (D. Minn. Sept. 13, 2010) (citing *Gonzales v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004)); *see also White v. Jett*, No. 10-501, 2010 WL 5421480, at *3 (D. Minn. Nov. 18, 2010). To make this determination, courts balance the interests of the prisoner in retaining prompt access to a federal forum against the countervailing institutional interests favoring exhaustion. *See White,* 2010 WL 5421480, at *3.

The BOP has a three-part administrative remedy program designed to address a federal inmate's concerns regarding any aspect of his or her confinement. *See* 28 C.F.R. § 542.10-542.15. Under this program, an inmate must first attempt an informal resolution of the complaint. *Id*. If

5

informal resolution is unsuccessful, the inmate must then raise his or her complaint with the Warden of the institution where he or she is confined. *Id*. The inmate must then appeal the Warden's response to the Regional Director and then to the Central Office if dissatisfied with the Regional Director's response. *Id.* An inmate exhausts his or her administrative remedies once the inmate receives a final response from the Central Office. *Id.*

Skrzypek does not deny that he did not wait for the Central Office to consider his appeal. In response to a question as to whether he sought any additional grounds for relief in a previous grievance procedure or administrative remedy procedure, Skrzypek's petition states "Informal Resolution Favorably Resolved." (Pet. at 5). Skrzypek's Memorandum acknowledges that he did not wait for a decision from the Appeals Council but rather merely filed his Petition in the interest of expediency. (Pet.'s Mem. at 4). Skrzypek failed to exhaust his administrative remedies at step two of the administrative process when he did not appeal to the Central Office. (*Id*.) No good cause exists to excuse this failure, particularly because Skrzypek's Petition is moot; even if the Petition were justiciable, then the Court would recommend denial on the merits.[4] As such, the Court recommends that his Petition be denied.

---

[4] The Warden has authoritative discretion to review RRC placement recommendations under the SCA. In determining a revised RRC placement of 147-days, the FPC Duluth Staff noted that Skrzypek had appropriate family support, financial resources, life skills, community resources. (Baker Decl. at ¶ 4-5). Placing Skrzypek in an RRC for 147 days was well-within the BOP's discretion under the SCA. *See* 18 U.S.C. § 3624(c)(2); *Heppner v. Roal*, No. 09-2926, 2010 WL 1380146, at *4 (D. Minn. Mar. 3, 2010) (emphasizing that the SCA "maintain[s] BOP's ultimate discretion to make RRC-placement decisions); *Wales v. Trung*, No. 08-39, 2009 WL 4906502, at *13 (D. Minn. Dec. 16, 2009) (explaining that 18 U.S.C. § 3621 gives BOP the authority "to designate the place of the prisoner's imprisonment that the Bureau determines to be appropriate and suitable.").

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS RECOMMENDED** that:

1. Skrzypek's Petition for Writ of Habeas Corpus [Doc. No. 1] be **DISMISSED with prejudice;**

2. Skrzypek's Emergency Motion for Order Directing Respondent to File Informal Resolution Form [Doc. No. 10] be **DENIED as moot**.

Dated: October 12, 2011

                                                    s/ Steven E. Rau
                                                    STEVEN E. RAU
                                                    United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 26, 2011,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.