**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

James R. Skrzypek,

Petitioner,

v.

Warden Wendy J. Roal,

Respondent.

**ORDER**
Civil No. 11-933 ADM/SER

---

James R. Skrzypek, pro se.

D. Gerald Wilhelm, Esq., and Gregory G. Brooker, Esq., United States Attorney's Office, Minneapolis, MN, for Respondent.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Petitioner James R. Skrzypek's ("Skrzypek") Response to Report and Recommendation [Docket No. 19] ("Objection"), apparently objecting to Magistrate Judge Steven E. Rau's October 12, 2011 Report & Recommendation [Docket No. 16] ("R&R"). Judge Rau's R&R recommends dismissing Skrzypek's Petition for Writ of Habeas Corpus [Docket No. 1] ("Petition") with prejudice. Skrzypek also filed an Emergency Motion for Order Directing Respondent to File Informal Resolution Form [Docket No. 10] ("Emergency Motion"), which the R&R recommends denying as moot. Based on a de novo review of the record, Skrzypek's Objection is overruled and the R&R is adopted.

## II. BACKGROUND

In 2005, the United States District Court for the Northern District of Illinois sentenced Skrzypek to a 90-month incarceration, five years of supervised release, and restitution. See

Decl. of Julie Groteboer [Docket No. 6] ("Groteboer Decl.") ¶ 3. Skrzypek was incarcerated at the Duluth Federal Prison Camp when he commenced this action. Id. Skrzypek's good conduct release time was November 14, 2011, and he was apparently released on that date. See Objection 2–3.

On April 9, 2010, Skrzypek was reviewed for halfway house placement under the Second Chance Act of 2007, 18 U.S.C. § 3624(c) ("SCA"). Groteboer Decl. ¶ 4. Staff made an initial recommendation to the Community Corrections Manager's ("CCM") Office that Skrzypek be given 180 days of Residential Reentry Center ("RRC") placement, id., but that recommendation was contingent upon Warden and CCM approval. Decl. of David Baker [Docket No. 7] ("Baker Decl.") ¶ 3. On February 4, 2011, Skrzypek learned that his RRC placement recommendation had been decreased to 120–150 days and he expressed to the Associate Warden Ward ("AW Ward") his desire of receiving the initially recommended 180 days. Pet. Ex. A 2–3. Unit Manager Baker met with Skrzypek to explain that although 180 days had initially been recommended, the Warden had discretion over the final decision. Baker Decl. ¶ 4. After the meeting, Baker sent an email dated February 11, 2011, which stated in its entirety, "This issue was informally resolved." Groteboer Decl. Attach. D.

In March 2011, Skrzypek reviewed the 120–150 day RRC recommendation and signed his RRC paperwork acknowledging the 147-day RRC placement to begin June 21, 2011. Baker Decl. ¶ 6. Skrzypek filed an administrative remedy on March 17, 2011, seeking to restore the 180-day initial recommendation; Warden Roal denied Skrzypek's request. Groteboer Decl. ¶ 7. On April 4, 2011, Skrzypek executed a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking a court order directing the Bureau of Prisons ("BOP") to enforce an alleged informal

dispute resolution agreement to 180 days of RRC placement. Pet. at 5. Skrzypek filed his habeas corpus petition before he had received an answer from the regional office; he also failed to appeal to the BOP Central Office. Groteboer Decl. Attach. F, G.

On June 21, 2011, Skrzypek was released to a halfway house in Chicago. Objection 2. During that time, Skrzypek's motion for a time extension in responding to the R&R was granted by this Court. Oct. 25, 2011 Order [Docket No. 18]. On November 14, 2011, the same day Skrzypek was apparently released from the Chicago halfway house, this Court received Skrzypek's Objection to the R&R.

**III. DISCUSSION**

After a de novo review, the Court adopts Judge Rau's R&R. Skrzypek's habeas corpus petition is denied because Skrzypek's claim is moot, he failed to exhaust administrative remedies, and the BOP acted lawfully and within its discretion in assessing his RRC placement under the SCA.

The U.S. Constitution limits federal court jurisdiction to deciding live "cases" and "controversies." U.S. Const. art. III., § 2, cl. 1. When a case fails to present a live case or controversy, one which can be redressed by a favorable judicial decision, it is moot and the federal court lacks jurisdiction over the action. Keating v. Neb. Pub. Power Dist., 562 F.3d 923, 927 (8th Cir. 2009); Spencer v. Kemna, 523 U.S. 1, 7 (1998). RRC appeals are moot after an inmate has been transferred to that RRC. Miller v. Whitehead, 527 F.3d 752, 756 (8th Cir. 2008) (finding RRC placement issue moot when the relief sought was already granted); see also Mickelson v. Holinka, 276 Fed. Appx. 527, 527 (8th Cir. 2008) (dismissing RRC appeal as moot after prisoner released to halfway house). Because Skrzypek was at a halfway house when the

R&R was filed and is now on release, his habeas petition is moot and his Objection overruled.

Exhaustion of administrative remedies is a requirement of filing a 28 U.S.C. § 2241 habeas petition. United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006). The exhaustion requirement is excusable if the petitioner can show that the administrative remedy process would be futile. Elwood v. Jeter, 386 F.3d 842, 844 n.1 (8th Cir. 2004). As Skrzypek admittedly did not wait for the BOP Central Office to consider his appeal, he failed to exhaust his administrative remedies. Skrzypek has stated no reason why this process would have been futile, and his Objection is overruled for this reason as well.

Under the SCA, the BOP must conduct an individualized review but retains "ultimate discretion to make RRC-placement decisions." Heppner v. Roal, No. 09-2926, 2010 WL 1380146, at *4 (D. Minn. Mar. 3, 2010). Skrzypek has offered no rationale for how the BOP abused its discretion or failed to conduct an individualized review; rather, the record reflects that the Warden accounted for Skrzypek's family support, financial resources, life skills, and community resources in the decision to revise his RRC placement to 147 days. Baker Decl. ¶¶ 4–5. Therefore, Skrzypek's Objection is overruled for this reason.

## IV. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Skrzypek's Objection [Docket No. 19] is **OVERRULED**;
2. Skrzypek's Petition [Docket No. 1] is **DISMISSED with prejudice**;
3. Skrzypek's Emergency Motion [Docket No. 10] is **DENIED as moot**; and

4. Magistrate Judge Rau's R&R [Docket No. 16] is **ADOPTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 17, 2011.